UNITED STATES, Appellee,

v.

Private First Class Michael H. DEVINS,
SSN 001–46–1362, United States
Army, Appellant.

CM 436139.

U. S. Army Court of Military Review.

8 March 1978.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Captain John E. Caulking, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Richard A. Kirby, JAGC, and Captain James H. Anderson, JAGC, were on the pleadings for appellee.

OPINION OF THE COURT

Before CLAUSEN, CARNE and COOK, Appellate Military Judges.

CARNE, Senior Judge:

Appellant asserts prejudicial error in the disposition of his case by reason of the fact that he served 95 days in post-trial confinement awaiting the convening authority's

action in violation of the Court of Military Appeals' mandate in *Dunlap*.[1]

◼ Appellant was tried on 18 February 1977, in Seoul, Korea. His trial defense counsel departed Korea on 1 March 1977, for rotation to a new assignment in the United States with an approved leave en-route until 4 April 1977. Prior to his departure the trial defense counsel prepared a Request for Suspension of Discharge which was submitted to the convening authority before he took his action in the case. We take judicial notice of Department of Army orders that the defense counsel's new assignment was Vint Hill Farms Station, Virginia, and that the post is a distance of approximately 7,000 miles from the trial location. On 28 March 1977, a packet purporting to contain a copy of the authenticated record of trial and a copy of the post-trial review with a certificate of service and letter of transmittal was sent by certified mail to the trial defense counsel for his review pursuant to *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). He received this packet on 6 April 1977, but in a letter dated 8 April, he stated that he did not receive a copy of the post-trial review with the packet. This letter was received by the staff judge advocate in Korea on 18 May 1977, which was 89 days after the trial. On the same date another copy of the post-trial review was sent to the trial defense counsel by certified mail. Five days later, on 23 May 1977, the convening authority acted on the case, approving the sentence and ordering it executed, but in consonance with the recommendation of the trial judge and the clemency petition of the defense counsel, the bad-conduct discharge was suspended for 12 months with provision for automatic remission.

Under these facts we find no violation of the *Dunlap* mandate. The time consumed by the Government from completion of the record until preparation of the review was only 12 days and the overall processing was handled expeditiously except for the period it took the postal service to transmit a letter from the trial defense counsel in the United States to the staff judge advocate in Korea. Following the rationale of the United States Court of Military Appeals in *United States v. Bryant*, 3 M.J. 396 (C.M.A. 1977), we conclude that the delay caused by the postal service constituted a circumstance which removes this case from application of the *Dunlap* presumption.

◼ On 27 December 1977, this Court ordered appellate government counsel to obtain copies of all correspondence between the subject command and the trial defense counsel regarding the post-trial processing of this case. Those communications make it clear that the post-trial review was inadvertently omitted from the case packet mailed to trial defense counsel on 28 March 1977. Trial defense counsel did not receive a copy of the review until 25 May 1977, two days after the convening authority had taken his action. Accordingly, there was not compliance with the service requirement of *Goode*. This was error.

◼ Failure to serve the review prior to the convening authority's action, to warrant the ordering of a new review and action, must result in prejudice to the appellant.[2] In this case the trial defense counsel had already submitted a request for the suspension of the punitive discharge, noting the

---

1. *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974).

2. The remedy in *United States v. Goode, supra,* allowed for either reassessment of the sentence or the ordering of a new review and action. The service requirement adopted therein, designed to eliminate delay in determining the validity of errors in post-trial reviews, allows for waiver of those errors, *United States v. Barnes*, 3 M.J. 406 (C.M.A.1977), and did not fashion a *per se* rule. Accordingly, a test for prejudice is appropriate. Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a); *United States v. Barrett*, No. CM 434237 (A.C.M.R. 31 January 1977) (unpublished); *United States v. Veilleux*, 1 M.J. 811 (A.F.C.M.R. 26 February 1976); *United States v. Schooler*, 1 M.J. 674 (N.C.M.R.1975) (*en banc*); *see United States v. Staley*, 2 M.J. 903 (A.C.M.R.1976); *cf. United States v. Hill*, 3 M.J. 295 (C.M.A.1977) (compliance required to prevent possible prejudice from consideration of adverse comments).

recommendation of the military judge to that effect, and the convening authority complied. Moreover, once the post-trial review was served on trial defense counsel, no errors were raised which could have operated to the prejudice of the appellant.[3] Accordingly, while there was procedural error, there was no prejudice in this case warranting a new review and action.

The findings of guilty and the sentence are AFFIRMED.

CLAUSEN, Chief Judge, concurring:

I concur. I agree with Judge Cook that we must be committed fully to implementing the mandate of *United States v. Goode.*[1] I am convinced, however, that the United States Court of Military Appeals never intended that the *Goode* rule be implemented without regard to the provisions of Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a). This case is unlike the factual situation in *United States v. Hill.*[2] In *Hill*, the trial defense counsel also submitted a request that the discharge imposed at trial be suspended. The staff judge advocate, without providing the trial defense counsel a chance to respond under *Goode*, advised the convening authority that Hill had no potential for rehabilitation and that the discharge should not be suspended. The convening authority then approved the discharge. Prejudice to the accused Hill by not allowing the trial defense counsel to respond under *Goode* is apparent. In this case, the trial defense counsel also submitted a request that the discharge imposed at trial be suspended and the staff judge advocate recommended against suspension. However, the convening authority did suspend the discharge as requested. From records otherwise available to the Court, it appears that Devins has served his confine-

ment, his discharge was suspended and has been remitted automatically and he is now on duty, serving out the remainder of his enlistment. It is clear to me that this accused received every benefit he could have reasonably expected and that to require a new review and action because of a technical violation of *Goode* would be to require a useless act. Although I condemn the actions of the staff judge advocate in this case, I am constrained to conclude that the *Goode* error, insofar as this accused is concerned, is harmless.

COOK, Judge, concurring in part and dissenting in part:

Following the *ratio decidendi* of *United States v. Bryant*, 3 M.J. 396 (C.M.A.1977), I concur with my brethren in their disposition of appellant's assertion that the rule established in *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), is for application in his case.

I am unable, however, to join my compatriots in their resolution of the violation of the mandate created in *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). While they concede that the staff judge advocate erred in not providing the trial defense counsel with a copy of his review until after the convening authority had taken his action, they decline to provide any relief.

Their declination is based on an inability to find any prejudice. Their observations in this regard are three in number: (1) the comments on the review eventually submitted by trial defense counsel raised no legally cognizable errors; (2) the convening authority suspended the discharge in accordance with a clemency petition earlier

---

**3.** In his letter after receipt of the post-trial review, dated 27 May 1977, the trial defense counsel alleged that the staff judge advocate improperly advised the convening authority as to the maximum legally imposable sentence. A review of the record does not support the allegation. All parties agreed at trial that the maximum sentence included six years and six months of confinement (R. 16–17). The military judge neither ruled that Charges II and III

were multiplicious, nor announced that the proper maximum sentence included only five years and six months of confinement. We also do not find that those charges were multiplicious for sentencing purposes.

**1.** 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

**2.** 3 M.J. 295 (C.M.A.1977).

submitted by the trial defense counsel; and (3) because the appellant has completed the terms of the original sentence and is on his way to complete rehabilitation.

My problem with the approach taken by the majority lies in my interpretation of *United States v. Goode, supra.* The rule laid down in that case reads, in pertinent part:

"Accordingly, it is ordered that on and after May 15, 1975, a copy of the written review required by Article 61 or 65(b), UCMJ, 10 U.S.C. § 861 or 865(b), be served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, <u>or on which he otherwise wishes to comment.</u>" *Id.* at 370, 50 C.M.R. at 4, 1 M.J. at 6 (Emphasis added).

In my view the underlined portion of the above quote makes it clear that this rule was designed to provide defense counsel with a means of submitting counterpoints to the judge advocate's review. The defense counsel's comments concerning the review need not be limited to simply those parts which might appear to be "erroneous, misleading or inadequate." Consequently, a determination that an appellant, who has been deprived of his right to a *Goode* review, was not prejudiced based on a determination that there were no errors in the post-trial review, fails to take into account that he also has the right to comment on non-erroneous matters to, and have such comments considered by, the convening authority *before* he takes his action. Appreciating that the convening authority may take ameliorating action on a sentence for any reason he deems meritorious, an appellant has been denied a substantial right when he is not afforded his *Goode* review. Thus the legal merits of trial defense counsel's belated comments on the post-trial review are irrelevant in determining the question of prejudice in a case such as this. The value of such comments is for the convening authority, rather than this Court, to determine.

Concerning the fact that the convening authority suspended the discharge in this case, and that the appellant is apparently well along the road to rehabilitation, I would cite to the following quote in *United States v. Hill*, 3 M.J. 295, 297 (C.M.A.1977):

"The mere fact that upon appeal harm to the accused may be found to be non-existent, in no sense lessens the obligation to see that he receives those benefits that are rightly his."

We do not know, and can only speculate, as to whether or not the convening authority might have afforded the appellant any additional relief had he been in timely receipt of the trial defense counsel's remarks.

Consequently, I believe, along with the United States Court of Military Appeals, that we should ". . . conclude that the purpose of *Goode* can be effected only if we insist upon compliance therewith." *United States v. Hill, supra*; *United States v. Wills*, 1 M.J. 937 (A.C.M.R. 1976).

This case should be returned for a new review and action.

In passing, it is noted that the convening authority took an action at variance with that recommended by his staff judge advocate without the explanation required by paragraph 85c, Manual for Courts-Martial, United States, 1969 (Revised edition), and *United States v. Keller*, 23 U.S.C.M.A. 545, 50 C.M.R. 716, 1 M.J. 159 (1975). However, the need for the presence of such an explanation becomes less than compelling in cases, such as the one *sub judice*, where the convening authority's deviation results in an action more favorable than that recommended by his staff judge advocate. I would, therefore, not delay any further the resolution of this case on account of this error.